JOURNAL ENTRY AND OPINION
{¶ 1} Ricardo Spates appeals his conviction on two counts of felonious assault following a jury trial. He contends that his conviction is against the manifest weight of the evidence and was supported by insufficient evidence. We affirm.
 {¶ 2} The record reveals that Antwain Jackson lived in the upper unit of a two-family house on Thames Avenue in Cleveland. In September 2004, Jackson's uncle was visiting the family and staying at the Thames Avenue house. Early one morning, Jackson's uncle woke him up to tell him of an altercation with another individual. Jackson went outside to investigate and encountered a white Bonneville. The car was driven by Ricardo Spates, someone Jackson apparently recognized from the neighborhood. A fight ensued and Jackson and Spates exchanged blows. Spates' girlfriend, who had been sitting in the Bonneville, exited the car and held Spates back to prevent any further fighting. Jackson left the scene and returned home.
 {¶ 3} Shortly after returning, Jackson heard rocks hitting his house. He again went outside to investigate. As he stepped out of the house, Jackson was hit with a crowbar. Jackson attempted to shield himself and was again struck with a crowbar this time on his forearm. He fell to the ground and his assailant continued the attack.
 {¶ 4} Jackson ultimately went inside his house and alerted his uncle to the situation. Jackson's uncle then drove him to Cleveland's sixth district police station where he was briefly interviewed by Patrolman Robert Taylor. Jackson described his assailant as a black male, approximately six feet tall, black hair, and who went by the name "Rick." Shortly after the interview, Jackson was taken to the Huron Road hospital where he received thirty stitches for his wounds.
 {¶ 5} Two weeks after the incident, Detective George Peters interviewed Jackson for a second time and showed Jackson a photo line-up with six photographs. Jackson positively identified Spates from the line-up as the man who attacked him.
 {¶ 6} On December 17, 2004, Spates was indicted on two counts of felonious assault, in violation of R.C. 2903.11, in connection with the attack on Jackson. A jury trial began on December 5, 2005, and Spates was found guilty on both counts. He was sentenced to four years on both counts, sentences to run concurrent. Spates appeals from this conviction in two assignments of error which state:
 "I. THE VERDICTS OF GUILT ON THE CHARGES OF FELONIOUS ASSAULT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE VERDICTS OF GUILT ON THE CHARGES OF FELONIOUS ASSAULT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} As both assignments of error relate to the evidence presented to the jury, we address them together for purposes of appeal.
 {¶ 8} Spates maintains that the state adduced insufficient evidence to support his convictions and that the weight of the evidence fell short of establishing Spates' involvement in the attack on Jackson.
 {¶ 9} The standard of review with regard to the sufficiency of the evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, as follows:
 "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 10} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991), 61 Ohio St.3d 259, in which the Ohio Supreme Court held:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
 {¶ 11} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52.
 As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'* * * `The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, 78 Ohio St.3d at 387. (Internal citations omitted.)
 {¶ 12} However, this court should be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the State has proven the offense beyond a reasonable doubt.State v. DeHass (1967), 10 Ohio St.2d 230, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether the new trial is mandated. A reviewing court should only grant the new trial in the "exceptional case in which the evidence weighs heavily against a conviction." State v. Lindsey, 87 Ohio St.3d 479, 483,2000-Ohio-465, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 13} A review of the testimony at trial indicates that Mr. Jackson identified his assailant to the police as "Rick." (Tr. 199) He then described his assailant as a black male, six feet tall, 175 pounds and having black hair. (Tr. 255) Detective Peters testified that Mr. Jackson identified Spates from a photo line-up "without hesitation." (Tr. 277) He further testified that he obtained Spates' name and address and connected the white Bonneville from the night of the attack to Spates' girlfriend, Ms. Lawson. (Tr. 283-285)
 {¶ 14} Finally, when Mr. Jackson was asked if he was certain that it was Spates who hit him with a crowbar, he responded, "[t]here is no doubt that's him." (Tr. 204) To buttress this claim, Mr. Jackson testified that he knew Spates from the neighborhood. (Tr. 200, 240)
 {¶ 15} Spates maintains that Jackson presented different accounts of the incident and provided inconsistent physical descriptions of his assailant. However, Jackson's credibility is a matter for the jury to determine. Jackson's testimony, coupled with that of Officer Taylor's and Detective Peters' testimony, indicated that Jackson knew Spates from the neighborhood, and that he easily identified him from the neighborhood.
 {¶ 16} Based on the testimony presented at trial, we cannot say that the jury lost its way or that the decision was against the manifest weight of the evidence or supported by insufficient evidence.
 {¶ 17} Spates' first and second assignments of error lack merit.
 {¶ 18} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1